IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PROTEGRITY CORPORATION<br>    a Cayman Islands Company,<br><br>Plaintiff,<br><br>v.<br><br>DATAGUISE, INC.<br>    a Delaware Corporation,<br><br>Defendant. | Civil Action No. 3:13-cv-00715<br><br><br>JURY TRIAL DEMAND |

## COMPLAINT

Plaintiff, PROTEGRITY CORPORATION, by and through its undersigned attorneys, alleges, upon information and belief, as follows:

### THE PARTIES

1.  Plaintiff, Protegrity Corporation, is a corporation incorporated under the laws of the country of The Cayman Islands, with its principal operating subsidiary in the United States, Protegrity USA, Inc., a Delaware Corporation, having its principal place of business at 5 High Ridge Park, Stamford, Connecticut 06905.

2.  Upon information and belief, Defendant, Dataguise, Inc. is a Delaware Corporation, having its principal place of business in the State of California and having an office at 2201 Walnut Avenue, Suite 260, Fremont, California 94538.

3.  This action has arisen under the patent laws of the United States, Title 35 United States Code, Section 271 *et seq.*

4.  Jurisdiction of this action arises under 28 U.S.C. §1338(a).

- 1 -

5. Upon information and belief, this Court has specific personal jurisdiction over Defendant because, Defendant is offering for sale, and is selling infringing products in this District.

6. Upon information and belief, this Court has general personal jurisdiction over Defendant.

7. Venue is predicated under 28 U.S.C. §1391(c).

## COUNT I

8. On March 19, 2013, United States Patent Number 8,402,281 (hereinafter "'281 Patent") entitled "Data Security System for a Database " was duly and regularly issued.  A copy of the '281 Patent is attached hereto as Exhibit "A".

9. Plaintiff is the owner of the '281 Patent.

10. Upon information and belief, Defendant has directly or contributorily infringed or induced the infringement of the claims of '281 Patent by having made, used or sold database security systems that duly embody the invention as claimed therein; such infringement was willful and deliberate; the infringement by Defendant of said Plaintiff's '281 Patent has deprived Plaintiff of sales which it otherwise would have made and has in other respects injured Plaintiff and will cause Plaintiff added injury and loss of profits unless enjoined by this Court.

11. The Plaintiff has been damaged by the acts of infringement complained of herein.

12. The Plaintiff has no adequate remedy without the intervention of this Court.

13. This case is "exceptional" within the meaning of 35 USC § 285.

## COUNT II

14. On November 20, 2001, United States Patent Number 6,321,201 (hereinafter "'201 Patent") entitled "Data Security System for a Database Having Multiple Encryption Levels

Applicable on a Data Element Value Level" was duly and regularly issued. On October 4, 2011, Ex Parte Reexamination Certificate (8590th) related to '201 Patent was duly and regularly issued. On January 10, 2012, a Certificate of Correction related to the reexamination certificate was duly and regularly issued. A copy of the aforesaid patent, reexamination certificate, and certificate of correction are attached hereto as Exhibit "B".

15. Plaintiff is the owner of the '201 Patent.

16. Upon information and belief, Defendant has directly or contributorily infringed or induced the infringement of the claims of the '201 Patent by having made, used or sold database security systems that duly embody the invention as claimed therein; such infringement was willful and deliberate; the infringement by Defendant of said Plaintiff's '201 Patent has deprived Plaintiff of sales which it otherwise would have made and has in other respects injured Plaintiff and will cause Plaintiff added injury and loss of profits unless enjoined by this Court.

17. The Plaintiff has been damaged by the acts of infringement complained of herein.

18. The Plaintiff has no adequate remedy without the intervention of this Court.

19. This case is "exceptional" within the meaning of 35 USC § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. An injunction be granted preliminarily and permanently restraining Defendant and all those in privity with it from further infringement of Plaintiff's '281, and '201 Patents.

B. Defendant be required to account to Plaintiff for the damages recoverable by Plaintiff under 35 U.S.C. §284 as a result of the wrongful making, using, and selling of Plaintiff's inventions as claimed in Plaintiff's '281 and '201 Patents, the exact extent of which cannot now be determined by Plaintiff, and that all of such damages be trebled.

  C. Plaintiff be awarded reasonable attorney fees;

  D. Plaintiff be allowed its costs; and

  E. Such other and further relief be granted to which Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury.

        Respectfully submitted,

May 17, 2013       _____
        Stephen P. McNamara, ct01220
        ST. ONGE STEWARD JOHNSTON & REENS, LLC
        986 Bedford Street
        Stamford, Connecticut 06905-5619
        Telephone: 203-324-6155
        Facsimile: 203-327-1096
        smcnamara@ssjr.com
        litigation@ssjr.com