UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PROTEGRITY CORPORATION, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:13-CV-00715 (VLB) |
| v. | : | |
| | : | |
| DATAGUISE, INC., | : | September 22, 2014 |
| Defendant. | : | |

MEMORANDUM OF DECISION DENYING
PLAINTIFF'S MOTION FOR JOINDER [Dkt. #59] AND
PLAINTIFF'S MOTION FOR RECONSIDERATION [Dkt. #61]

I.      Introduction

On May 17, 2013, the Plaintiff, Protegrity Corporation, ("Protegrity"), a corporation incorporated under the laws of The Cayman Islands, brought an action for patent infringement against Defendant Dataguise, Inc. ("Dataguise"), a Delaware Corporation with its principal place of business in Fremont, California. [Dkt. #1, Complaint at ¶¶ 1, 2]. The Defendant moved to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), or, in the alternative, to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a). [Dkt. #1 at ¶ 1]. On September 3, 2014, this Court granted Defendant's Motion to Transfer. [Dkt. #56]. Plaintiff now moves to join its wholly owned subsidiary Protegrity USA, Inc. ("Protegrity USA") as a plaintiff to the action under Federal Rule of Civil Procedure 20(a) [Dkt. #59] and seeks reconsideration of the Court's Order transferring the case to the Northern District of California under Rule 60(b)

[Dkt. #61].  For the reasons that follow, Defendant's Motion for Joinder and Motion for Reconsideration are both DENIED.

II.    Background

The Court assumes the parties' familiarity with the underlying facts and allegations of this case, and summarizes them only briefly here.

On November 20, 2001, United States Patent Number 6,321,201 ("'201 Patent") entitled "Data Security System for a Database Having Multiple Encryption Levels Applicable on a Data Element Value" was duly and regularly issued.  [Dkt. #1 at ¶ 8].  On March 19, 2013, United States Patent Number 8,402,281 ("'281 Patent") entitled "Data Security System for a Database" was duly and regularly issued.  [*Id.* at ¶ 14].  The Plaintiff owns both the '201 and '281 patents and alleges that the Defendant has committed patent infringement, in violation of 35 U.S.C. § 271 *et seq.*[1]  [*Id.* at ¶¶ 9-10, 15-16].

The Plaintiff "develops technologies and commercial products through its wholly owned subsidiaries Protegrity USA, Inc. and Protegrity Research and Development AB."  [Dkt. #49-1, Declaration of Andrea Ahlquist at ¶ 3].  Protegrity USA, which has 29 employees, is Protegrity's "principal operating subsidiary"  and holds the exclusive license to use, make, sell, and offer to sell embodiments of the '201 Patent and the '281

---

[1]    The relevant portion is 35 U.S.C. § 271(a) provides that "[e]xcept as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."

Patent." [*Id.* at ¶ 4]. The Plaintiff alleges that "[a]ll profits generated by Protegrity USA, Inc. . . . inexorably flow to Protegrity Corporation," and that the Plaintiff "has retained the right to recover for infringement." [*Id.* at ¶¶ 5-6].

III.    **Plaintiff's Motion to Join Protegrity USA as a Plaintiff**

        **A.  Legal Standard**

        The Plaintiff moves to join its U.S. subsidiary, Protegrity USA, as a co-plaintiff under Federal Rule 20.  Rule 20, which governs permissive joinder, provides that the court may permit persons to "join in one action as Plaintiffs if they assert any right to relief ... arising out of the same ... series of transactions or occurrences."  Fed.R.Civ.P. 20(a)(1)(A). Permissive joinder under Rule 20 "rests with the sound discretion of the court" and empowers the Court "to make such orders as may be required to prevent delay or prejudice." *See v. United Obligations LLC*, 2008 WL 3089471, at *2 (D. Conn. Aug. 4, 2008) (citing *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir.1970)) (internal quotations omitted).  As Plaintiff points out, "[t]he purpose of Rule 20 is to promote trial convenience and to expedite the final determination of disputes." *Abraham v. Am. Home Mortgaging Servicing, Inc.*, 947 F.Supp.2d 222, 228 (E.D.N.Y. 2013) [Dkt. # 59, Plaintiff's Motion to Join at p. 3].  Ultimately, in determining whether joinder is proper the Court is guided by considerations of judicial economy and fundamental fairness.  *See v.*

3

*United Obligations LLC* at *2*; see also Dolan v. Safeco Ins. Co. of Indiana*, 297 F.R.D. 210, 212 (E.D.N.Y. 2014).

### B.  Discussion

Until now, Plaintiff has consistently alleged that as the owner of the patents, it is the only party with the right to bring suit for their infringement. [Dkt. #49-1 at ¶ 6].  Plaintiff now attempts to argue that Protegrity USA, as the exclusive licensee of its patent, holds "enough exclusionary rights [in the patents] that it suffered an injury in fact by Defendant's infringement," and therefore can be joined as a plaintiff in the action.  [Dkt. # 59 at pp. 4-5]. Plaintiff's argument is an unavailing attempt to overcome this Court's order of transfer, and is not supported by the law or the facts.

Plaintiff does not and cannot argue that Protegrity USA is a required party to the action under Federal Rule of Civil Procedure 19.  This is because Protegrity USA's exclusionary rights to the patent are completely subsumed within, and thus amply represented by, Plaintiff's lawsuit seeking an injunction restraining Defendant from further infringement of the patents and damages under the Patent Act, 35 U.S.C. § 284.  [Dkt. #1]. Protegrity is the owner of, the sole entity with the right to sue to enjoin infringement of, and the sole recipient of the profits derived from, the exploitation of the patents in suit.  [Dkt. #49-1 at ¶¶ 4-6].  By Plaintiff's own admission, in this suit "PUSA . . . asserts the same right to relief as" Protegrity.  [Dkt. #59 at p. 3].

For the same reasons, permissive joinder of Protegrity USA would be wholly redundant.  Plaintiff's lawsuit already seeks to vindicate Protegrity USA's exclusionary rights and as such will necessarily resolve all the issues that Protegrity USA would raise as a co-plaintiff. Joining Protegrity USA as a party promotes neither fairness nor efficiency, but rather seeks to impede "trial convenience and … the final determination of disputes" by attempting to add weight to Plaintiff's argument, already considered and rejected by this Court, that venue is proper on this district.

The cases cited by Plaintiff in support of its motion are inapposite and therefore unpersuasive.  First, these cases concern the issue of standing, which is not the question before the Court.  Second, they address the standing *of the patent owner* to join in an infringement suit brought by a licensee—not the other way around.  As the court explained in *Morrow*, joinder of the patent owner fosters judicial efficiency by "avoiding the potential for multiple litigations and multiple liabilities and recoveries against the same alleged infringer" that may arise by virtue of the fact that the patent owner's rights on the patent exceed, or are separate and distinct from, their licensees'.  *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007).  The same is not true in reverse.  It is certainly not true when any possible right that can be asserted by the licensee on the patent has already been raised by the patent owner in an existent law suit.

The Court therefore declines to exercise its discretion to permit joinder of Protegrity USA as a co-plaintiff to the current action.  The Plaintiff's Motion to Join is DISMISSED.

## IV.   Plaintiff's Motion for Reconsideration

### A.  Legal Standard

Reconsideration will generally only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again").  Reconsideration should therefore be granted only when a "party can point to controlling decisions or data that the court overlooked; matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* D.Conn.L.R.7 (c) 1 ("Motions for reconsideration shall be . . . accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.").  This Court will not grant a motion to reconsider "where the moving party seeks solely to relitigate an issue already decided," *id.*, or where the moving party seeks to plug gaps in an original argument or "to argue in the alternative once a decision has been made," *Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl.*

*Serv., Inc.*, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (citations omitted). Ultimately, however, the question is a discretionary one and the court is not limited in its ability to reconsider its own decisions prior to final judgment.  *See Virgin Atl.*, 956 F.2d at 1255.

Federal Rule of Civil Procedure 60(b)(6) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief."  Fed.R.Civ.P. 60(b)(6).  This "catch-all" exception for relief gives the court broad discretion "to grant relief when appropriate to accomplish justice."  *Nelson v. City of Stamford*, 2012 WL 3155999, at *2 (D. Conn. Aug. 3, 2012).  However, the Second Circuit has warned that "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."  *United States v. International Brotherhood of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). The party seeking relief bears the burden to show the necessary extraordinary or exceptional circumstances. *Cole v. Gen. Elec. Co.*, 2004 WL 1305874, at *1 (D. Conn. June 10, 2004).

B.  Discussion

Plaintiff first argues that joinder of Protegrity USA is a new fact that would affect the Court's analysis of whether to transfer venue.  [Dkt. #61, Plaintiff's Motion for Reconsideration at pp. 5-6].  The Court disagrees.  The joinder of Protegrity USA is not a fact or an intervening change of controlling law, nor does it constitute new evidence which, in the exercise of due diligence, could not have been brought to the Court's attention.  It is

also not necessary to correct a clear error or prevent manifest injustice.  As discussed above, the Court has denied Plaintiff's motion to join PUSA as it is superfluous and Plaintiff's argument is therefore moot.  Moreover, the Court cannot conceive of, and Protegrity has failed to show, how the joinder of a wholly owned subsidiary which is neither the owner nor the financial beneficiary of the patents in suit would constitute "extraordinary or exceptional circumstances."

Plaintiff also contends that its request to transfer this case to the Honorable Robert Chatigny was overlooked by the Court and that, if considered, this fact would change the Court's analysis of this forum's familiarity with the applicable law.  [Dkt. #61 at pp. 6-7].  This argument also fails to raise any new fact or issue warranting reconsideration, let alone one rising to the level of extraordinary circumstances.  Moreover, it misconstrues the standard for determining proper venue.

The Court was well aware of Plaintiff's desire to have all its cases transferred to Judge Chatigny.  However, Plaintiff has failed to establish that this case shares common questions of law or fact with the other cases sufficient to warrant consolidation.  A district court can consolidate related cases under Federal Rule of Civil procedure 42(a) only when "actions involving a common question of law or fact are pending before the court."  Fed. R. Civ. P. 42(a); *see Devlin v. Transp. Commc'ns Int'l Union,* 175 F.3d 121, 130 (2d Cir. 1999).  Plaintiff's contention that Judge Chatigny has devoted a substantial amount of energy and resources to understanding

the patents at issue in Plaintiff's cases is insufficient to establish that the action before this Court involves overlapping legal questions or facts in common with Plaintiff's other infringement suits.  *See, e.g., Aerotel, Ltd. v. Verizon Commc'ns Inc.*, 234 F.R.D. 64, 66 (S.D.N.Y. 2005) (denying motion to consolidate despite the fact that the same patent was at issue in both cases, because the cases involved entirely different defendants and products).  Nor does the fact that Protegrity is suing to enjoin numerous companies from infringement on its patents mean that those cases raise the same issues of fact or law.  Patent infringement cases are claim-centric. The parties in this case have not filed infringement contentions or conducted claim construction and it is therefore impossible to discern the extent to which, if at all, this case is related to any others.

Even more critically, Plaintiff has failed to establish that the purportedly related nature of these cases, consolidated or not, has any bearing on the District of Connecticut's familiarity with the federal patent law that governs this case.  When courts consider a potential venue's "relative familiarity with the applicable law," they are referring to a forum's familiarity with state law in diversity cases, not to a forum's familiarity with related cases before them.  *See, e.g., In re E. Dist. Repetitive Stress Injury Litig.*, 850 F. Supp. 188, 196 (E.D.N.Y. 1994).  The function of this factor in determining proper venue is to "favor[ ] adjudication of a controversy by the court which sits in the state whose law will provide the rules of decision."  *Id.*  No such principle applies where, as in the present case,

federal law governs.  As this Court has already stated, "patent law is federal law and any district court may handle a patent case with equal skill." *Ripmax Ltd. v. Horizon Hobby, Inc.*, No. 3:07-CV-386 (JCH), 2007 U.S. Dist. WL 2049033, at *5.  Reassignment to Judge Chatigny would not alter this finding; while Judge Chatigny is a highly experienced and formidable jurist with knowledge of the patents in suit, that fact does not make venue proper in this district.

V.      Conclusion

For the reasons stated above the Plaintiff's Motion to Join Protegrity USA, Inc. as a Party-Plaintiff and the Plaintiff's Motion for Reconsideration are both DENIED.  The Clerk is ordered to transfer this case to the Northern District of California.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: September 22, 2014